O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR BLANCO, ) | NO. CV 13-9378-JFW (MAN) |
| Petitioner, ) | |
| v. ) | ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING A CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |
| E. VALENZUELA, WARDEN, ) | |
| Respondent. ) | |

On December 20, 2013, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition seeks federal habeas relief with respect to Petitioner's Los Angeles Superior Court conviction and sentence in 2004 (Case No. NA058504) (the "State Conviction").

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On January 5, 2006, Petitioner filed a Section 2254 habeas petition in this district in Case No. CV 06-0084-RSWL (MAN) (the "First Action").[1] The First Action challenged Petitioner's State Conviction. On July 6, 2006, the First Action was dismissed without prejudice, based upon Petitioner's failure to exhaust his available state remedies.

On March 23, 2007, Petitioner filed another Section 2254 habeas petition in this district in Case No. EDCV 07-00346-RSWL (MAN) (the "Second Action"). The Second Action again challenged Petitioner's State Conviction and raised five habeas claims, including claims alleging that: the admission of propensity evidence violated Petitioner's right to due process; the evidence at trial was insufficient to support the implied malice element of Petitioner's second degree murder conviction; the prosecutor committed misconduct by eliciting testimony in violation of a court order; a jury instruction was given in error; and Petitioner's sentence violates the Sixth Amendment. (Second Action petition at 5-6.) On October 3, 2011, the Second Action petition was denied on its merits and dismissed with prejudice. Petitioner appealed. On December 18, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 11-56897).

This action is Petitioner's third attempt to obtain Section 2254 habeas relief in connection with his 2000 State Conviction. Petitioner again raises a claim challenging the sufficiency of the evidence to support the implied malice element of his second degree murder conviction. Petitioner asserts that a decision of the California Supreme Court, which issued approximately three years after he was convicted, altered California law regarding the evidence needed to establish implied malice. He further asserts that the evidence at his trial was insufficient to satisfy

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior action in this district and in the United States Court of Appeals for the Ninth Circuit.

this new standard.

The Ninth Circuit's dockets show that Petitioner has not filed an application seeking leave to raise his present claims through a second or successive Section 2254 petition.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must **first** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the Second Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here, and his earlier habeas petition was resolved adversely to him. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

Petitioner's present challenge to the validity of his State Conviction does not rest on newly

discovered evidence, nor does it rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2).  Thus, it does not appear that Petitioner can satisfy the requirements for obtaining leave to file a second or successive petition.  *See id.*  Moreover, the instant Petition appears to be untimely.

In any event, whether or not the claim alleged in the Petition may, as a *prima facie* matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court.  Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim alleged in the instant Petition.  This Court thus lacks jurisdiction to consider the Petition.  28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).  Accordingly, IT IS ORDERED that:  the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

DATED: January 9, 2014.

```
                                    _____
                                    JOHN F. WALTER
                                    UNITED STATES DISTRICT JUDGE
```

PRESENTED BY:

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE